## PETER KINGLESMITH *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—744.]

**Law of Self-defense—Instruction.**

In the trial of a charge of maliciously cutting with intent to kill, a charge is incomplete as to the law of self-defense stating that "If the jury believes from the evidence that the defendant cut Winfrey with an axe, but at the time he believed or had reasonable grounds to believe that his life was in danger, or that he was in danger of receiving great bodily harm at the hands of Winfrey, and that he could not otherwise safely escape, he should be acquitted" for the question is not whether a person having reasonable grounds to believe he is in danger of losing his life or suffering great bodily harm at the hand of an assailant could escape otherwise than by taking life, or using the means in his power in self-defense, but it is always, in such cases, whether he has any other apparently safe means of escape.

## APPEAL FROM HARDIN CIRCUIT COURT.

April 3, 1886.

OPINION BY JUDGE LEWIS:.

Appellant was convicted of the offense of maliciously cutting one Hollis Winfrey with intent to kill. The alleged cutting was done in the dwelling house of appellant where Winfrey had gone; for what purpose does not appear. But while there he accused the brother of appellant of stealing from him, and a quarrel arose between them which, according to the testimony of Winfrey, the only witness of the cutting, resulted in appellant ordering him out of his house, and immediately proceeding to cut him with an axe.

But the mother of appellant testifies that, hearing the wife and children of appellant screaming, she ran from her house, two hundred fifty or three hundred yards distant, to the house of her son,

and when she arrived there she met Winfrey near the door coming out of the house with an open knife in his hand, and he said to her that appellant had cut him, to which he, appellant, replied that Winfrey drew his knife on him in his own house when he told him to go out. She also testified that she had previously heard Winfrey and appellant quarreling at her house, and heard the former tell the latter he would kill him.

At the conclusion of the evidence the court instructed the jury fully and correctly, except as to the law of self-defense, the instruction in regard thereto being as follows: "If the jury believe from the evidence that the defendant cut Winfrey with an axe, but at the time he believed or had reasonable grounds to believe that his life was in danger, or that he was in danger of receiving great bodily harm at the hands of Winfrey, and that he could not otherwise safely escape, he should be acquitted." The evidence in this case was such as to entitle appellant to an instruction defining the law of self-defense fully and accurately, which was not done in the one quoted.

The question is not whether a person, having reasonable grounds to believe he is in danger of losing his life or suffering great bodily harm at the hand of an assailant, could escape otherwise than by taking life, or using the means in his power in self-defense, but it is always, in such cases, whether he has any other apparently safe means of escape.

Wherefore the judgment is *reversed* and remanded for a new trial.

*H. T. Wilson, for appellant.*
*P. W. Hardin, for appellee.*